UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RODERICK JACKSON,<br><br>                    Plaintiff,<br>v.<br><br>POST UNIVERSITY, INC.,<br><br>                    Defendant. | 3:08 - CV- 1810 (CSH) |

**RULING ON PLAINTIFF'S OBJECTION TO DEFENDANT'S VERIFIED BILL OF COSTS**

HAIGHT, Senior District Judge:

**I.     INTRODUCTION**

Plaintiff Roderick Jackson (herein "plaintiff") is an African-American who brought the present discrimination action against his former employer, defendant Post University (herein "defendant"), alleging that on March 2, 2007, defendant unlawfully terminated his employment on the basis of his race and color in violation of 42 U.S.C. § 1981 and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60. On December 8, 2011, pursuant to Federal Rule of Civil Procedure 56 (a)(1), this Court granted summary judgment in favor of defendant with respect to both counts in plaintiff's complaint. Doc. #28 (Order, dated 12/8/2011, granting defendant summary judgment because the evidence presented by plaintiff failed to establish the existence of racial bias). Also on December 8, 2011, the Clerk of the Court, as directed by the Court, closed the file and entered judgment in favor of defendant. Doc. #29.

On January 23, 2012, the defendant submitted its Verified Bill of Costs, seeking to recover

costs incurred in connection with taking depositions in preparation of the case and in making copies of exhibits to append to defendant's motion for summary judgment. Doc. #30. In response, also on January 23, 2012, plaintiff objected to defendant's Verified Bill of Costs on the grounds that it was untimely filed. Doc. #31.

## II.   DISCUSSION

Local Rule of Civil Procedure 54(a)(1) sets forth the requisite time period for filing a verified bill of costs following the Court's entry of judgment in an action. Specifically, Local Rule 54(a)(1) provides, in relevant part:

> Any party who seeks costs in the District Court shall, within ten (10) days after the District Court judgment becomes final due to the expiration of the appeal period, as defined by Fed. R. App. P. Rule 4 . . . file with the Clerk and serve on all other parties a verified bill of costs . . . setting forth each item of costs that is claimed.

D. Conn. L. Civ. R. 54(a)(1).

Unless it is tolled, the appeal period expires thirty days after judgment is entered. Fed. R. App. P. 4(a)(1).[1] The appeal period may be tolled pending the court's disposition of certain enumerated motions which may potentially alter or amend the outcome of the original judgment. *See* Fed. R. App. P. 4(a)(4) (delineating list of motions that may toll appeal period).[2]

---

[1] Federal Rule of Appellate Procedure 4(a)(1), captioned "Appeal in a Civil Case," with the subheading, "Time for Filing a Notice of Appeal," states:

> In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk *within 30 days after entry of the judgment* or order appealed from.

Fed. R. App. P. 4 (a)(1) (emphasis added).

[2] Federal Rule of Appellate Procedure 4(a)(4)(A), entitled " Effect of a Motion on a Notice of Appeal," provides:

In the case at bar, however, no post-judgment motions were filed. Thus, the appeal period ran uninterrupted following the entry of judgment on December 8, 2011. Adhering to the computation procedure set forth in Federal Rule of Civil Procedure 6(a), the appeal period expired on January 9, 2012 — thirty days after entry of judgment, with an automatic extension to Monday because the period would otherwise end on a Saturday (January 7).[3]  As set forth *supra*, pursuant

---

> If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (i) for judgment under Rule 50(b);
>
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
>
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>
> (iv) to alter or amend the judgment under Rule 59;
>
> (v) for a new trial under Rule 59; or
>
> (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A)(i)-(vi). Moreover, "[i]f a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." *Id.* 4(a)(4)(B)(i).

[3]Rule 6 sets forth the "rules [to] apply in computing any time period specified in [the Federal Rules of Civil Procedure], in any local rule or court order, or in any statute that does not specify a method of computing time." In particular, Rule 6(a) mandates the computation of days as follows:

> (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
>
>> (A) exclude the day of the event that triggers the period;

3

to Local Rule of Civil Procedure 54(a)(1), defendant's bill of costs was due ten days thereafter or January 19, 2012. Because defendant filed its Verified Bill of Costs (Doc. #30) on January 23, 2012, four days after the requisite filing period expired, the bill is untimely. *See Nyack v. Southern Connecticut State University*, No. 3:03-CV-839 (TPS), 2007 WL 162723, at *1-2 (D.Conn. Jan. 17, 2007). *See also Deep v. Coin*, Nos. 10–3389–cv(L), 10–3391–cv(Con), 10–3940–cv(Con), 10–3949–cv(Con). 2011 WL 6318024, at *5 (2d Cir. Dec. 19, 2011) (upholding district court's denial of defendants' application for costs as "untimely" under district court's interpretation of its own local rules); *Stronach v. Virginia State University*, 577 F. Supp.2d 788, 789-90 (E.D. Va. 2008) (granting plaintiff's motion to strike defendants' bill of costs as untimely where defendants filed bill twelve days late due to mistaken calculation by and/or inattentiveness of counsel); *Phoenix Renovation Corp. v. Rodriguez*, No. 1:05CV1196 (JCC), 2007 WL 1343791, at *1-2 (E.D. Va. May 4, 2007) (sustaining plaintiff's objection to the defendant's bill of costs as untimely where defendant filed bill of costs outside requisite 11-day filing period of court's local rules).

In contrast, plaintiff's Objection to defendant's Verified Bill of Costs was filed in a timely

---

> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1)(A)-(C).

In this case, entry of judgment in defendant's favor on December 8, 2011 triggered the 30-day period. Excluding that date, 23 days in December count and 7 days in January 2012 count, for a mathematical total of 30 days, extended to January 9, 2012 for the reasons stated in text.

4

fashion – on the very same day defendant filed the bill of costs. *See* D. Conn. L. Civ. P. 54(b) ("Any objections to the bill of costs shall be filed with the Clerk within fourteen (14) days of the filing of the bill of costs and shall specify each item to which there is an objection and the reasons for such objection.").

Defendant has not presented, nor has the Court found, any factual or legal grounds upon which to toll the relevant appeal period and/or to extend the filing period for the defendant's Verified Bill of Costs (Doc. #30). The Court thus holds that defendant's bill of costs was untimely filed.[4]

### III.     CONCLUSION

Pursuant to Local Rule of Civil Procedure 54(a)(1), defendant's Verified Bill of Costs (Doc. #30), filed on January 23, 2012 – more than "ten (10) days after the District Court judgment [became] final due to the expiration of the appeal period" – is untimely. Accordingly, plaintiff's Objection (Doc. #31) to that bill is SUSTAINED and defendant's Verified Bill of Costs (Doc. #30) is DENIED.

It is SO ORDERED.

Dated: New Haven, Connecticut
          February 10, 2012

                                                  */s/Charles S. Haight, Jr.*
                                                  Charles S. Haight, Jr.
                                                  Senior United States District Judge

---

[4] The Court notes that defendant's Verified Bill of Costs was filed only four days after January 19, 2012, the date that the requisite deadline for filing expired. Nonetheless, where no post-judgment motions enumerated in Fed. R. App. P. 4(a)(4)(A)(i)-(vi) were filed and defendant requested no extension of time prior to filing its bill of costs, that bill is untimely regardless of the brevity of defendant's tardiness.