## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

RODERICK JACKSON,

               Plaintiff,

   v.                                                                3:08 - CV- 1810 (CSH)

POST UNIVERSITY, INC.,

               Defendant.

### RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION

HAIGHT, Senior District Judge:

### I.        BACKGROUND

Plaintiff Roderick Jackson (herein "plaintiff") is an African-American who brought the present discrimination action against his former employer, defendant Post University (herein "defendant"), alleging that on March 2, 2007, defendant unlawfully terminated his employment on the basis of his race and color in violation of 42 U.S.C. § 1981 and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60.   On December 8, 2011, pursuant to Federal Rule of Civil Procedure 56 (a)(1), this Court granted summary judgment in favor of defendant with respect to both counts in plaintiff's complaint.  Doc. #28 (Order, dated 12/8/2011, granting defendant summary judgment because the evidence presented by plaintiff failed to establish the existence of racial bias).    Also on December 8, 2011,  the Clerk of the Court, at the direction of the Court, closed the file and entered judgment in favor of defendant.  Doc. #29.

On January 23, 2012, the defendant submitted its Verified Bill of Costs, seeking to recover

costs incurred in connection with preparing its summary judgment motion. Doc. #30. Specifically, defendant requested court reporter fees incurred with respect to the deposition of plaintiff, costs incurred in obtaining one copy of witness Ed Lizotte's deposition, and fees for copying documents that were appended as exhibits to defendant's summary judgment motion. *Id.*, p. 1-2.

In response to defendant's bill of costs, on January 23, 2012, plaintiff filed an objection on the sole ground that the bill was untimely filed. Doc. #31. Plaintiff asserted that because defendant did not file its bill of costs "within 10 days after the District Court judgment [became] final," as mandated by Local Rule of Civil Procedure 54(a), the bill was untimely and must be denied. *Id.*, p. 1.

On February 10, 2012, this Court denied defendant's Verified Bill of Costs, and sustained plaintiff's objection thereto, on plaintiff's asserted ground that under Rule 54(a)(1) of the Local Rules of Civil Procedure, defendant had filed its bill of costs in an untimely fashion. Specifically, as set forth in this District's Local Rules, as appearing on the Court's website, online in Westlaw, and in the printed pocket part updates to West's "Connecticut Rules of Court (June 2011)," Local Rule 54(a)(1) states:

> Any party who seeks costs in the District Court shall, **within ten (10) days** after the District Court judgment becomes final due to the expiration of the appeal period, as defined by Fed. R. App. P. Rule 4 . . . file with the Clerk and serve on all other parties a verified bill of costs . . . setting forth each item of costs that is claimed.

D. Conn. L. Civ. R. 54(a)(1) (emphasis added).

Defendant admittedly filed its Verified Bill of Costs more than ten (10) days after the District Court judgment became final due to the expiration of the appeal period, defined by Federal Rule of

Appellate Procedure 4 – *i.e.*, more than thirty days after entry of judgment.[1]   In particular, judgment in the present case entered on December 8, 2011 so, in compliance with the computation procedure set forth in Federal Rule of Civil Procedure 6(a), the appeal period  expired on January 9, 2012 — thirty days after entry of judgment, with an automatic extension to Monday because the period would otherwise end on a Saturday (January 7).  According to Local Rule of Civil Procedure 54(a)(1), as published, defendant's bill of costs was due ten (10) days thereafter or on January 19, 2012.  Because defendant filed its Verified  Bill of Costs (Doc. #30) on January 23, 2012, four days after the requisite filing period expired, the Court deemed the bill untimely.[2]

## II.   **DISCUSSION**

### A.   **Pending Motion for Reconsideration and Objection**

Pending before the Court is defendant's motion for reconsideration of the Court's ruling denying defendant's Verified Bill of Costs as untimely. Doc. #33.   Defendant asserts that "[p]laintiff's objection and the Court's ruling were based upon the erroneous assumption that Local Rule 54 required [it] to file its Verified Bill of Costs within ten (10) days after the [p]laintiff's appeal period expired" and "the reference to ten days in . . . Local Rule 54 is a typographical error." Doc.

---

[1]Federal Rule of Appellate Procedure  4(a)(1), captioned "Appeal in a Civil Case," with the subheading, "Time for Filing a Notice of Appeal," states:

> In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk *within 30 days after entry of the judgment* or order appealed from.

Fed. R. App. P. 4 (a)(1) (emphasis added).

[2]The Court notes that the only ground upon which plaintiff objected to defendant's Verified Bill of Costs was lack of timeliness.   *See* Doc. #34.  Plaintiff did not, therefore, contest the contents of the bill of costs.

#33, p. 1.   Defendant asserts that rather than ten (10) days, the Local Rule "actually provides fourteen (14) days to file the Verified Bill of Costs."  *Id.*

Defendant has represented to the Court that when administrative staff of defendant's counsel contacted Jane Bauer, Operations Manager for the Clerk of the United States District Court in New Haven, Connecticut, she acknowledged the existence of a typographical error in Rule 54(a)(1) of the District's Local Rules of Civil Procedure.  Doc. #33-1, p. 2; *see also* Doc. #35, p. 2 ("subsequent internal investigation as to how Local Rule 54 could have been amended without the knowledge of [defendant's counsel] eventually led to discussions with the Operations Manager for the U.S. District Court for the District of Connecticut, who looked into the matter and determined that there had been no amendment of the fourteen day rule").

Defendant argues that because it filed its Verified Bill of Costs on January 23, 2012, that filing occurred on the last day of the requisite 14-day filing period – fourteen (14) days after January 9, 2012, the date the appeal period expired.  Consequently, defendant maintains that its bill of costs was in fact timely.

Plaintiff objects to the defendant's motion for reconsideration on the basis of the motion's untimeliness.  Doc. #34.  In his memorandum, plaintiff argues that, "[r]egardless of the correctness of the defendant's claim with regard to the time frame within which to file a bill of costs, it is indisputable that it has not complied with the fourteen day requirement for filing a motion for reconsideration."  *Id.*, p. 1.  Plaintiff points out that "Local Rule 7(c) provides that a motion for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which relief is sought."  *Id.* (quoting D. Conn. L. Civ. R. 7(c)).  Plaintiff notes that the Court entered its ruling denying defendant's bill of costs on February 10, 2012.  *Id.* Thus, when

4

defendant filed its motion for reconsideration on March 23, 2012, that filing took place approximately one month after the applicable 14-day deadline had expired (on February 24, 2012).

Plaintiff further requests that in the event the Court grants defendant's motion for reconsideration, plaintiff be given another opportunity to object to defendant's Verified Bill of Costs – *i.e.,* "on policy grounds" because "plaintiff brought this claim to vindicate his civil rights" so "costs should be denied because of [their] deterrent impact on future civil rights litigants." *Id.*, p. 3.

Defendant replied to plaintiff's allegations regarding the untimeliness of its motion for reconsideration and argued that, under these unusual circumstances, "[d]efendant has not been dilatory in this matter." Doc. #35, p. 2. "Rather, several unusual factors precluded [d]efense counsel from filing the Motion for Reconsideration within fourteen days of the Court's Ruling." *Id.*   In particular, upon learning of a possible amendment to Local Rule 54(a)(1), defendant's counsel conducted an investigation that revealed that no such amendment in the filing period for the bill of costs (from 14 days to 10 days) had  occurred.   *Id.*   At that point, defendant awaited written confirmation from Ms. Bauer, the Clerk's Office Operations Manager, of her oral statements that a typographical error indeed appears in Local Rule 54(a)(1).   Upon being informed that no written statement would issue from Ms. Bauer, defendant filed its motion for reconsideration.  *Id.*

In his sur-reply to defendant's response, plaintiff contests defendant's assertion that it "has not been dilatory in this matter." Doc. #36, p. 1.  He alleges that defendant's investigation of the possible error in Local Rule 54(a)(1) and discussions with Operations Manager Bauer do not "explain or justify in the least the lateness in the filing of the motion for reconsideration." *Id.*  He also chafes at defendant's statement that defendant "did not believe that [p]laintiff would object to

5

the Motion for Reconsideration." *Id.,* p. 2.  Rather, plaintiff avers that defendant's counsel never communicated with plaintiff's counsel regarding the motion for reconsideration.  *Id.*

## B.   Motion for Reconsideration - Timeliness and Standard

### 1.   Time to File

Local Rule of Civil Procedure 7 (c) (1) mandates that a motion for reconsideration "shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought."  D. Conn. L. Civ. R. 7 (c) (1).   Defendant's motion to reconsider is thus untimely in that defendant filed the motion on March 23, 2012 – more than fourteen days after the Court entered its ruling from which defendant seeks relief.  *See* Doc. #32 (Ruling on Defendant's Verified Bill of Costs, filed February 10, 2012).

A "failure to timely file a motion for reconsideration may constitute sufficient grounds for denying the motion."  *See, e.g.*, *Palmer v. Sena*, 474 F. Supp. 2d 353, 354 (D. Conn. 2007).  The courts of this District have frequently enforced Local Rule 7(c) to deny such untimely motions for reconsideration.  *See, e.g., Derisme v. Hunt Leibert Jacobson, P.C.*, No. 3:10cv244 (VLB),  2011 WL 5403056, at *1 (D. Conn. Nov. 8, 2011) (denying motion to reconsider as "untimely" where decision at issue was filed on August 24, 2011 and plaintiff moved to reconsider on September 22, 2011);  *Buster v. City of Wallingford*, No. 3:07cv544 (JBA),  2008 WL 2782731, at *1 (D. Conn. July 7, 2008) (motion for reconsideration held untimely under Local Rule 7(c)(1) where it was filed 21 days after court's ruling at issue –  "well outside" requisite filing period).

On occasion, in the interest of justice, however, courts of this District have chosen to exercise their discretion to address untimely motions for reconsideration.  *See Palmer,* 474 F.Supp.2d at 355;

*Lopez v. Smiley*, 375 F. Supp.2d 19, 21-22 (D. Conn.2005)*; Williams v. Quebecor World Infiniti Graphics, Inc.*, No. 3:03CV2200 (PCD), 2007 WL 926901, at *2 (D. Conn. Mar. 23, 2007); *see also Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir.1996) ("[T]he Court has discretion to consider Defendant's motion, despite its untimely filing, and declines to deny Defendant's motion in such summary fashion."); *Kamasinski v. Judicial Review Council*, 843 F. Supp. 811, 812-13 (D. Conn.1994) ("The defendants make several arguments in opposition to the plaintiff's motion for reconsideration, claiming first that it is untimely. The court, however, declines to deny the plaintiff's motion in such summary fashion.").

Under the unusual circumstances at bar, where the Local Rule at issue contained a typographical error in the filing deadline for a bill of costs,  the Court chooses to exercise its discretion to consider defendant's motion for reconsideration in order to correct a clear-cut error of law and thereby prevent manifest injustice.   First, upon reading the Court's ruling denying the bill of costs, defendant understandably believed that Local Rule 54(a)(1) might have been amended without its counsel's knowledge.   Then, when counsel investigated the accuracy of Local 54(a)(1), he awaited official confirmation of the typographical error from the Clerk's Office prior to filing a motion for reconsideration.   In such circumstances, investigation and its inherent delay resulted from prudence by defendant's counsel – *i.e.*, avoidance of the possibility of filing a  meritless  motion. Second, even if defendant could arguably have investigated the accuracy of the Local Rule more expeditiously, because defendant's motion for reconsideration is based on an error of law ascribable to the Court itself, the Court finds it in the interest of justice to address and correct such  error.

2.   **Standard**

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).  *See also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992), *cert. denied*, 506 U.S. 820 (1992) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (quoting  18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790); *Lo Sacco v. City of Middletown*, 822 F. Supp. 870, 876–77 (D. Conn.1993) ("[The function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence.'") (quoting *Bothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987)); *Rand-Whitney Containerboard Ltd. Partnership v. Town of Montville,*, No. 396-CV-413 (HBF).2005 WL 2416094, at *1 (D. Conn. Sept. 30, 2005) ("Generally, the three grounds justifying reconsideration are 1) an intervening change of controlling law; 2) the availability of new evidence; or 3) *the need to correct a clear error or prevent manifest injustice*.") (emphasis added).  A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Shrader*, 70 F.3d at 257.

Under the present circumstances, as set forth *supra*, where the Court has relied on an erroneous version of Local Rule 54(a)(1) to deny defendant's bill of costs, the Court elects not to dismiss defendant's motion to reconsider in summary fashion.  Rather in light of the typographical error in Rule 54(a)(1), the Court hereby reconsiders its prior ruling.

8

Defendant averred that Operations Manager Jane Bauer informed a member of its attorney's administrative staff that the 10-day period set forth in Local Rule 54(a)(1) of the District's Rules of Civil Procedure should actually state fourteen (14) days.   Doc. #33-1, p. 2.  Ms. Bauer emailed Chambers to verify  for the Court that this typographical error in Rule 54(a)(1) appears in the Local Rules on the Court's website.[3]    The Court thus acknowledges that it relied upon incorrect law to deny defendant's Verified Bill of Costs.  Moreover, application of the correct filing period alters the outcome of the Court's prior decision. The deadline for filing the bill was actually fourteen (14) days following the expiration of the appeal period (January 23, 2012), rather than ten (10) days following such expiration (January 19, 2012).   Because defendant filed its bill of costs on January 23, 2012, the bill was filed on the last day of the filing period and the Court now deems that bill timely filed.

## C.   Plaintiff's Request to Make Additional Objections

Plaintiff has requested that if this Court holds that defendant's Verified Bill of Costs was timely, plaintiff would like an additional opportunity to object to the bill based upon other considerations, such as the chilling effect such a bill of costs might create with respect to other litigants who would wish to bring civil rights claims. Doc. #34, p. 3.  Up until this time, plaintiff's sole objection to defendant's bill of costs has been that it was untimely.  Plaintiff consequently presented no substantive objections to the bill of costs when it filed its Objection on January 23, 2012.  *See* D. Conn. L. Civ. R. 54(b) (setting forth 14-day period to object to bill of costs).

The Court recognizes that Local Rule 54(d) allows costs "as of course," to the winning party

---

[3]As stated *supra*, the Court further notes that the 10-day limit in Rule 54(a)(1) erroneously appears in the online version of the Rule in Westlaw.  The 10-day period is also provided in the revised version of Rule 54(a)(1) which appears in the May 1, 2011 pocket part of West's "Connecticut Rules of Court (June 2011)."

and thus "an award of costs against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001)(citing *Mercy v. County of Suffolk*, 748 F.2d 52, 54 (2d Cir.1984)).  The Second Circuit has held that, "[f]or this reason, the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield,* 241 F.3d at 270 (citing *Ass'n of Mexican Am. Educators v. California*, 231 F.3d 572, 592-93 & n. 15 (9th Cir.2000) ( *en banc*); *Cantrell v. Int'l Bd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir.1995) (*en banc*)).[4] Local Rule 54(b) delineates a 14-day period in which the non-prevailing  party must specify why the bill of costs should not be granted.[5]

Although the Court ordinarily strictly enforces Local Rule 54(b)'s  14-day filing period for objections, under these unusual circumstances, where there has been a typographical error in the filing deadline for the bill of costs, the Court shall exercise its discretion to extend the objection period.   Plaintiff understandably relied upon succeeding with respect to his timeliness argument because under Local Rule 54(a)(1), as printed at the time plaintiff filed his objection, defendant's

---

[4]Consequently, "[i]n light of the general rule, when a prevailing party is denied costs, a district court must articulate its reasons for doing so." *Whitfield*, 241 F.3d at 270 (citing *Cantrell*, 69 F.3d at 459).

[5]Specifically, Local Rule 54(b) provides:

Any objections to the bill of costs shall be filed with the Clerk **within fourteen (14) days** of the filing of the bill of costs and shall specify each item to which there is an objection and the reasons for such objection.

D. Conn. L. Civ. R. 54(b) (emphasis added).

10

Verified Bill of Costs was indisputably untimely.  Hence, plaintiff's counsel likely made the judgment to refrain from making any substantive attacks on the merits of the bill.  Upon learning that Local Rule 54(a)(1) does not render defendant's bill of costs untimely, plaintiff seeks to have the opportunity to address the bill of costs on its merits.[6]

In these rare conditions and in the interest of justice, the Court will allow plaintiff to make his proposed substantive argument in objection to the defendant's Verified Bill of Costs. Accordingly, plaintiff shall file and serve his objection within fourteen (14) days following the entry of this ruling.  The Court shall thus reserve ruling on the defendant's Verified Bill of Costs, and/or analyzing its contents, until the Court receives and reviews plaintiff's proposed objection and defendant's response thereto.

## III.   CONCLUSION

For the foregoing reasons, defendant's Motion for Reconsideration (Doc. #33) is GRANTED. Upon discovery that Local Rule 54(a)(1) contained a typographical error in the filing deadline for bills of cost, such that the deadline was actually fourteen (14) days rather than ten (10) days after the District Court's judgment became final, the Court hereby holds defendant's Verified Bill of Costs (Doc. #30) to have been timely filed on January 23, 2012.

---

[6]Normally, it is wisest legal practice and, in fact required by Local Rule 54(b), for counsel to make all available arguments when filing an objection to a bill of costs.  However, any arguable error in judgment by plaintiff's counsel should not preclude plaintiff from making all applicable objections in such unforeseen circumstances as the Local Rule containing a typographical error.  No party should be prejudiced by that error.  The error is that of the Clerk's Office, not plaintiff's counsel, who understandably thought at the time that defendant's bill of costs was untimely and did not require objections to the merits.  Defendant's bill of costs now having been ruled timely, fairness requires that plaintiff be given an opportunity to challenge the costs on the merits.

However, due to the unforeseen circumstance of a typographical error in the filing deadline for the bill, plaintiff's current request to make additional objections to defendant's bill of costs based on policy grounds is granted. *See* Doc. #34, p. 3. Plaintiff shall file and serve all of his remaining objections to defendant's bill of costs on or before April 23, 2012. Defendant shall file and serve its response, if any, on or before April 26, 2012. The Court shall thereafter make its final ruling on defendant's Verified Bill of Costs (Doc. #30).

It is SO ORDERED.
Dated: New Haven, Connecticut
April 9, 2012

*/s/Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge

12